IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-469-FL-KS

| | |
|---|---|
| ERICA FRAISER, in her official capacity as Wake County Child Support Attorney on behalf of Jeffery B. Edwards, Jr., <br><br> Plaintiff, <br><br> v. <br><br> SHAQUAN LAVENA LESANE, <br><br> Defendant. | **ORDER and MEMORANDUM & RECOMMENDATION** |

This matter is before the court on the application of Shaquan Lavena Lesane ("Defendant") to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). Defendant filed the application in conjunction with a Notice of Removal of an action instituted in the District Court of Wake County, North Carolina. The matter has been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons set forth below, Defendant's application to proceed in forma pauperis is allowed and it is recommended that the matter be remanded to the state court.

DISCUSSION

I.     **In Forma Pauperis Application**

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The court finds that Defendant has

demonstrated appropriate evidence of inability to pay the required court costs. Thus, the court grants her application to proceed in forma pauperis.

## II. Frivolity Review

Notwithstanding the court's determination that a litigant is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In conducting its review pursuant to 28 U.S.C. § 1915, a court should consider whether it has subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). "Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Title 28 U.S.C. § 1441(a) provides for removal of a state-court action to federal court where the case originally could have been brought in federal court. The party seeking removal bears the burden of establishing jurisdiction, and any doubts as to

2

Case 5:24-cv-00469-FL   Document 5   Filed 08/21/24   Page 2 of 6

the existence of jurisdiction must be resolved in favor of state-court jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Defendant seeks to remove a civil action filed on or about July 8, 2024, in Wake County District Court based upon federal-question jurisdiction. [F]ederal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006); *see also* 28 U.S.C. § 1331 (federal question). "[A] defendant may not defend his way into federal court" by raising "a substantive federal defense to a state-law claim . . . because a federal defense does not create a federal question under § 1331." *Blackwater*, 460 F.3d at 584. Nor can a counterclaim be used to invoke subject-matter jurisdiction under § 1331. *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal-question] jurisdiction.").

A review of Defendant's notice of removal and the underlying state-court documents fail to demonstrate federal subject-matter jurisdiction.[1] Defendant seeks to remove a child support enforcement action brought against Defendant by Wake County, North Carolina. *See Wake County v. Lesane*, No. 24CV020955-910 (Dist. Ct.

---

[1] The court takes judicial notice of the docket and filings in the state-court matter, which are available from the North Carolina eCourts portal, https://portal-nc.tylertech.cloud/Portal/ (last visited Aug. 20, 2024).

Wake Cnty. filed July 8, 2024).[2] Wake County has petitioned for child support on behalf of Jeffery B. Edwards, Jr., relating to a minor child between Mr. Edwards and Defendant. Federal courts generally lack jurisdiction over child support matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Edgecombe Cnty. Soc. Servs. v. Wallace*, No. 4:21-CV-78-FL, 2021 WL 3013359, at *2 (E.D.N.C. July 16, 2021) (no federal subject-matter jurisdiction over attempt to remove child support enforcement action)[3]; *Wake Cnty. Human Servs. v. Davis*, No. 5:14-CV-4-F, 2014 WL 820173, at *7 (E.D.N.C. Mar. 3, 2014) (discussing domestic relations exception to federal jurisdiction and applying caselaw). Defendant asserts that federal question-jurisdiction exists because the litigation has resulted in a violation of her rights under 42 U.S.C. § 1983. (Notice Removal [DE #1] at 2.) However, this is not a matter raised in the state-court petition for support, and it may not serve as a basis for federal-question jurisdiction. Because this court is without subject-matter jurisdiction, the action must be remanded to the North Carolina General Court of Justice, Wake County, District Court Division. *See* 28 U.S.C. § 1447(c).

---

[2] Defendant's filings name the Wake County attorney who filed the action as the plaintiff. However, a review of Wake County's records reveals that Wake County initiated the action on behalf of the minor child's father.

[3] The instant matter also appears to involve Title IV-D, which *Edgecombe Cnty. Soc Servs.* expressly explained does not confer federal subject-matter jurisdiction.

4

## CONCLUSION

Defendant's filings establish she is unable to pay the court costs associated with this action, and her application to proceed in forma pauperis [DE #2] is therefore ALLOWED.

It is RECOMMENDED, however, that an ORDER be entered, pursuant to 28 U.S.C. § 1447(c), REMANDING the matter to the North Carolina General Court of Justice, Wake County, District Court Division, due to lack of subject-matter jurisdiction.

IT IS DIRECTED that a copy of this Order and Memorandum & Recommendation be served on the parties, who are advised as follows:

You shall have until **September 9, 2024**, to file written objections to the Memorandum & Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum & Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum & Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum & Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum & Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the

Memorandum & Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum & Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 21st day of August 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge