IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-469-FL

| | |
|---|---|
| WAKE COUNTY on behalf of Jeffery B. Edwards, Jr.,[1] | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| SHAQUAN LAVENA LESANE, | )<br>) |
| Defendant. | )<br>) |

This matter is before the court for review pursuant to 28 U.S.C. § 1915(e) of defendant's notice of removal purporting to remove a child support action from the North Carolina General Court of Justice, Wake County, District Court Division (DE 1). United States Magistrate Judge Kimberly A. Swank, entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended the action be remanded. (DE 5). Defendant filed objections and a motion for reconsideration of the M&R, (DE 9, 10), and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

---

[1] The clerk is DIRECTED to amend the caption of the case in the docket to designate the plaintiff as specified in the caption of this order, which reflects the name of the plaintiff in the summons and state court filings attached to the notice of removal (DE 1-1 at 1) (Case No. 24CV020955-910), rather than the name of the plaintiff as represented by defendant in the notice of removal (DE 1 at 1) ("ERICA FRAISER (in her official capacity as WAKE COUNTY CHILD SUPPORT ATTORNEY)").

1

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge correctly recommends remand on the basis of lack of subject-matter jurisdiction, where the state court action that has been removed does not raise a "federal question." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). Issues raised by defendant in her notice of removal concerning "violations of constitutional rights" (DE 1 at 1), do not establish federal court jurisdiction because "a substantive federal defense to a state-law claim [does] not raise a federal question." Id. Accordingly, the instant action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Defendant's objections and arguments in favor of reconsideration of the M&R are unavailing. Defendant argues that the M&R "failed to address constitutional claims that fall within federal jurisdiction, including violations of due process and the separation of powers." (Def's Mot. (DE 10) at 1). She contends that the "administrative proceedings in this case involved the exercise of judicial power . . . without proper judicial oversight." (Id.; see Def's Objs. (DE 9) at 2). However, no constitutional claims, whether based upon due process or separation of powers, appear on the face of the state court filings included with the notice of removal, which concern a child support matter. (See, e.g., DE 1-1 at 1 (civil summons in Wake County v. Lesane, No.

24CV020955-910 (Wake County)).² Thus, where a federal question must "appear[] on the face of a plaintiff's properly pleaded complaint," Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001), remand in this instance is required.

Defendant also argues that a "recent Supreme Court ruling in SEC v. Jarkesy . . . emphasizes the limitations on administrative agencies' quasi-judicial powers when those powers infringe upon individual constitutional rights." (Def's Mot. (DE 10) at 2). She contends "[t]his precedent supports the need for federal review of administrative proceedings that raise substantial constitutional questions." (Id.). This argument misses the mark on two levels. First, the referenced case, Sec. & Exch. Comm'n v. Jarkesy, 144 S. Ct. 2117 (2024), does not provide any basis for removing a state court child support action to federal court, but rather addresses the right "to a jury trial in an Article III court" for a defendant in a federal enforcement action brought by the United States Securities and Exchange Commission. Id. at 2139.

Second, and more fundamentally, Defendant's own assertion of a need for "federal review of administrative proceedings" (Def's Mot. (DE 10) at 2), cannot provide a basis for federal question jurisdiction over a removed state court action. Simply put, "a defendant may not defend [her] way into federal court because a federal defense does not create a federal question under § 1331." In re Blackwater, 460 F.3d at 584. "The mere existence of a disputed issue of federal law does not confer federal question jurisdiction." Goldsmith v. Mayor & City Council of Baltimore,

---

² As noted in the M&R "[t]he court takes judicial notice of the docket and filings in the state-court matter, which are available from the North Carolina eCourts portal, https://portalnc.tylertech.cloud/Portal/ (last visited Aug. 20, 2024)." (M&R (DE 5) at 3 n. 1). The state court docket does not make the complaint publicly available, but it does include the following information about the action: "Cause of Action: FAM – Child Support" "Case Type: Civil Domestic without Claim for absolute divorce" and "Subtype: IV-D Child Support DHHS." (See https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/ 07A772F5FD9D8C918A0493A20AE465C654C7C1458332 AF03597EC2C2644E00D73C171B2B4D43BE972BAF9C4D79B6F62049F37E6F8130FA1994DF2440FEE5B9A8 ECBA3BCF7D9531307035AA051F764907/anon/portalembed) [available at https://perma.cc/L27B-YJY7]. The state court docket itself specifies defendant's name as "Lesane, Shequan L," (id.) (emphasis added), whereas the summons specifies defendant's name as "Shaquan L Lesane." (DE 1-1 at 1 (emphasis added).

3

Case 5:24-cv-00469-FL   Document 11   Filed 09/19/24   Page 3 of 4

845 F.2d 61, 64 (4th Cir. 1988). Rather, a litigant who wishes to assert federal claims of the nature now advanced by plaintiff can only invoke the jurisdiction of this court by a "federal question appear[ing] on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp, 237 F.3d at 370.

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge (DE 5), DENIES plaintiff's motion for reconsideration (DE 10), and REMANDS the action to the North Carolina General Court of Justice, Wake County, District Court Division, due to lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The clerk is DIRECTED to amend the caption of the docket as instructed in footnote one, herein. In addition, the clerk is DIRECTED to transmit a certified copy of this order to the clerk of the North Carolina General Court of Justice, Wake County, District Court Division, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order. The clerk is further DIRECTED to close this case.

SO ORDERED, this the 19th day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge